## UNITED STATES DISTRICT COURT

District of New Jersey

Chambers of
**William H. Walls**
District Judge
_____

(973) 645-2564
(973) 645-3436 Fax

Martin Luther King Jr.
Federal Courthouse
50 Walnut Street
Newark, New Jersey 07102

NOT FOR PUBLICATION

MEMORANDUM

ORIGINAL ON FILE WITH CLERK OF COURT

April 10, 2007

**Appearances:**

**Attorneys for Defendant APM Terminals North America/Maersk, Inc.**
Eric S. Lasky
Rene M. Johnson
Morgan, Lewis, Bockius LLP
502 Carnegie Center
Princeton, NJ 08540

**Attorney for Plaintiff Anthony LaForgia**
Mark C. Rushfield
O.P.E.I.U. Local 32
2013 Morris Avenue
Union, NJ 07083

Re:   Anthony LaForgia v. APM Terminals North America/Maersk, Inc.; No. 04-3403 (WHW)
      Motion for Reconsideration

Dear Litigants:

      Defendant APM Terminals North America/Maersk, Inc. ("Maersk") moves for reconsideration of this Court's August 9, 2006 opinion and order denying defendant's motion for summary judgment. Pursuant to Fed. R. Civ. P. 78, this motion is decided without oral argument. The motion is denied.

1

**FACTS AND PROCEDURAL BACKGROUND**

Plaintiff alleges that defendant fired him in retaliation for plaintiff's reporting of fraudulent conduct and that such retaliatory termination violates New Jersey's Conscientious Employee Protection Act ("CEPA"), N.J.S.A. 34:19-1, et seq.  On August 9, 2006 this Court denied defendant's motion for summary judgment, finding that plaintiff had provided sufficient evidence of a CEPA violation to survive summary judgment.  2006 WL 2319095.

Maersk moves for reconsideration of this decision, arguing that this Court incorrectly concluded that Maersk conceded an element of plaintiff's CEPA claim.  Specifically, Maersk argues that it never conceded and the Court never properly considered whether plaintiff's whistle blowing activity served a public purpose.

**I.   MOTION FOR RECONSIDERATION**

**LEGAL STANDARD**

Under Fed. R. Civ. P. 59(e), a litigant may move to alter or amend a judgment within ten days of its entry.  Similarly, L. Civ. R. 7.1(i) allows a party to seek reconsideration of "matters or controlling decisions which counsel believes the Judge or Magistrate Judge has overlooked."  The Third Circuit has held that the "purpose of a motion for reconsideration . . . is to correct manifest errors of law or fact or to present newly discovered evidence."  Max's Seafood Cafe ex rel. Lou-Ann v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (quoting Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985)) (internal quotations omitted).

Reconsideration motions, however, may not be used to relitigate old matters, nor to raise arguments or present evidence that could have been raised before the entry of judgment.  P. Schoenfled Asset Mgmt. L.L.C. v. Cendant Corp., 161 F. Supp. 2d 349, 352 (D.N.J. 2001);  11 Charles A. Wright et al., Federal Practice and Procedure § 2810.1 (2d ed. 2006).  "A party

2

seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." Gutierrez v. Ashcroft, 289 F. Supp. 2d 555, 561 (D.N.J. 2003) (quoting G-69 v. Degnan, 748 F. Supp. 274, 275 (D.N.J. 1990)).

Such motions will only be granted where (1) an intervening change in the law has occurred, (2) new evidence not previously available has emerged, or (3) the need to correct a clear error of law or prevent a manifest injustice arises. North River Ins. Co. v. CIGNA Reins. Co., 52 F.3d 1194, 1218 (3d Cir. 1995). Because reconsideration of a judgment after its entry is an extraordinary remedy, requests pursuant to these rules are to be granted "sparingly," Yurecko v. Port Auth. Trans-Hudson Corp. 279 F. Supp. 2d 606, 608 (D.N.J. 2003); NL Indus. Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 516 (D.N.J. 1996), and only when "dispositive factual matters or controlling decisions of law" were brought to the court's attention but not considered. Yurecko, 279 F. Supp. 2d at 609; Pelham v. United States, 661 F. Supp. 1063, 1065 (D.N.J. 1987).

## DISCUSSION

On August 9, 2006, this Court denied Maersk's motion for summary judgment. In so holding, the Court identified the four factors required for a CEPA claim:

> A plaintiff who brings an action under this section must demonstrate that: (1) he or she reasonably believed that his or her employer's conduct was violating either a law, rule, or regulation promulgated pursuant to law, or a clear mandate of public policy; (2) he or she performed a "whistle-blowing" activity described in N.J.S.A. 34-19-3c; (3) an adverse employment action was taken against him or her; and (4) a causal connection exists between the whistle-blowing activity and the adverse employment action.

2006 WL 2319095, at *3-4.

Finding that Maersk had conceded the second and third prongs of this test, this Court focused its analysis on the first and fourth prongs. Id. at *4-5. Maersk maintains that it did not

concede the second prong on summary judgment, but rather argued that plaintiff did not satisfy this prong because plaintiff did not show that his complaints addressed a potential harm to the public. Maersk argues that reconsideration is appropriate here because "dispositive factual matters or controlling decisions of law were brought to the court's attention but not considered." (Def.'s Br. at 2.)

Maersk relies upon New Jersey Supreme Court precedent holding that a CEPA cause of action is appropriate only where the "offensive activity [] pose[s] a threat of public harm, not merely private harm to the aggrieved employee." Mehlman v. Mobil Oil Corp., 707 A.2d 1000, 1013 (1998). Maersk apparently reads this limitation as applying to the second prong of the test; in other words, conduct may only qualify as a "whistle-blowing activity" if it entails reporting an offensive activity that may harm those outside the company. (Def.'s Br. at 2-4.) Maersk argues that because the Court did not analyze whether plaintiff satisfied the second prong, the Court failed to consider this public harm requirement for a CEPA claim.

This Court did, however, consider the nature of the activity the plaintiff reported to determine whether it implicated a public harm. However, unlike Maersk, this Court viewed such analysis as appropriate in connection with the first prong of the test – whether the plaintiff "reasonably believed that his or her employer's conduct was violating either a law, rule, or regulation promulgated pursuant to law, or a clear mandate of public policy." 2006 WL 2319095, at *4. In considering whether plaintiff satisfied this prong, the Court found that "[a]lthough the underlying facts are in dispute, the Court is satisfied that a jury could find, based on testimony in the record, that LaForgia reasonably believed that APM was fraudulently overbilling its customers." Id. Such conduct clearly implicates a risk of harm to those outside the company.

Additional support for this conclusion can be found in <u>In Estate of Frank L. Roach v. TRW, Inc.</u>, 754 A.2d 544 (2000). There, the New Jersey Supreme Court addressed the question of when a plaintiff in a CEPA action must demonstrate that his "complaints involve a matter of public interest." <u>Id.</u> at 550. The court held that while such a showing might be required where plaintiff complains of conduct that is merely incompatible with a mandate of public policy, per N.J.S.A. 34:19-3(c)(3), harm to the public is presumed where a plaintiff alleges conduct that is already prohibited by criminal or civil law. <u>See id.</u> ("by requiring aggrieved employees to reasonably believe that a violation of the civil or criminal law has occurred when asserting complaints under CEPA sections 3(a), 3(c)(1) and 3(c)(2), the Legislature has already accommodated the public interest in those provisions of the statute."). In other words, where a plaintiff alleges unlawful activity, fraud, or criminal activity pursuant to N.J.S.A. 34:19-3(c)(1) or (2), he need not also make a specific showing that the complaints involve a matter of public interest. <u>Id.</u> at 551. Once this Court determined that a jury could find that LaForgia reasonably believed that Maersk was fraudulently over-billing customers, the Court disposed of any question as to whether such conduct implicated harm to the public.

From its viewpoint, Maersk may be correct in arguing that it did not concede the second prong of the CEPA test. However, this Court did consider the argument Maersk believes was neglected: whether plaintiff reported conduct that he reasonably believed would harm the public. This Court found it appropriate to conduct this analysis in the context of the first prong of the test. But, the analysis would have been identical regardless of whether it was included in the portion of the Court's decision addressing the first prong or the in the portion addressing the second. Accordingly, the Court did not fail to consider a dispositive factual matter or controlling decision of law. <u>See</u> <u>Yurecko</u>, 279 F. Supp. 2d at 609.

5

**CONCLUSION**

For the foregoing reasons, Maersk's motion for reconsideration is denied.

<u>s/William H. Walls</u>
United States Senior District Judge